UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIAN G. SASSEN-VAN ELSLOO,

                  Petitioner,

    v.

DONNELLY TANKSLEY,

                  Respondent.

Case No. C26-438-JHC-MLP

REPORT AND RECOMMENDATION

Petitioner Adrian G. Sassen-Van Elsloo has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his pretrial detention in the Whatcom County Jail. (Dkt. # 7.) Petitioner asserts grounds of an unadjudicated arrest warrant, excessive bail, constructive denial of counsel, and denial of court access. (Dkt. # 7 at 6-7.) He seeks immediate release or a hearing addressing the arrest warrant. (*Id.* at 7.) Respondent, Whatcom County Sheriff Donnell Tanksley, has filed a return (dkt. # 12) supported by the declaration of his counsel, Jesse Corkern (dkt. # 13). Petitioner did not file a response to the return but submitted a declaration detailing his experiences with appointed counsel and appearing *pro se* (dkt. # 15).

As Petitioner has already been informed in a similar habeas case, the *Younger* abstention doctrine precludes this Court from hearing claims like those presented here. *See Sassen Van*

REPORT AND RECOMMENDATION - 1

*Elsloo v. Tanksley*, 2025 WL 1558915, at *2 (W.D. Wash. May 12, 2025), re*port and recommendation adopted*, 2025 WL 1557188 (W.D. Wash. June 2, 2025) (dismissing ineffective assistance of counsel claims). Generally, federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 435 (1982).

Petitioner is a pretrial detainee with ongoing state criminal proceedings, and those proceedings implicate important state interests.[1] *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986);

---

[1] Records submitted by Respondent show that one of the criminal cases for which Petitioner has been detained was tried and resulted in convictions. (*See* Corkern Decl., Ex. I.) Petitioner's state court proceedings remain ongoing, however, as he is awaiting sentencing. (*See* dkt. # 12 at 1.) The other cases remain pending. (*Id.* at 2.)

REPORT AND RECOMMENDATION - 2

*Younger*, 401 U.S. at 43-44. He alleges no facts demonstrating that he could not bring his constitutional claims in state court. In addition, it appears that the claims asserted by Petitioner, if considered here, could effectively enjoin the ongoing state judicial proceeding as they pertain to the validity of his arrest, his right to counsel, and the conditions under which he proceeded *pro se*. And Petitioner's submissions do not reveal any extraordinary circumstance that would make abstention inappropriate. Accordingly, this Court concludes *Younger* abstention applies to Petitioner's claims.

For the foregoing reasons, the Court recommends that Petitioner's habeas petition (dkt. # 7) and this action be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 10, 2026**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John H. Chun.

Dated this 20th day of May, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3